

## OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 20, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. Will R. Wilson
District Attorney
Dallas County
Dallas, Texas

Opinion No. V-508

Re: The proper fund from which
to pay the matching con-
tribution of the County
for County Employee Re-
tirement System.

Dear Sir:

Reference is made to your recent request for
an opinion from this Department relative to the above
captioned matter. It reads, in part, as follows:

"Dallas County is setting up a County
Employee Retirement System as prescribed in
Section 62-b of Article 16 of the Constitu-
tion of the State of Texas. In view of the
fact that some employees of Dallas County
are paid out of funds other than the gener-
al fund, for example, the Road and Bridge
Fund, the question is presented as to wheth-
er the five percent to be paid by the Coun-
ty under the provision of the constitutional
amendment, to match the deduction made from
the employees' salaries, must be paid out
of the General Fund or may the County pay
such five percent out of the fund from which
the employee is paid . . . .

"It is, therefore, requested that you
furnish this office with an opinion on the
question above presented, . . . "

So far as is pertinent to your inquiry, Sec-
tion 9, Article VIII, of the State Constitution pro-
vides:

". . . and no county . . . shall levy
more than twenty-five (25) cents for . . .
county purposes . . . on the one hundred
dollars valuation, . . . provided, however,
that the Commissioners Court in any county

> may re-allocate the foregoing county
> taxes by changing the rates provided for
> any of the foregoing purposes by either
> increasing or decreasing the same, . . ."

Subdivision (b) of Section 62 of Article XVI, of the State Constitution is, in part, as follows:

> "(b) Each county shall have the right
> to provide for and administer a Retirement,
> Disability and Death Compensation Fund for
> the appointive officers and employees of
> the county; provided same is authorized by
> a majority vote of the qualified voters of
> such county and after such election has
> been advertised by being published in at
> least one newspaper of general circulation
> in said county once each week for four con-
> secutive weeks; provided that the amount
> contributed by the county to such Fund shall
> equal the amount paid for the same purpose
> from the income of each such person, and
> shall not exceed at any time five per cen-
> tum (5%) of the compensation paid to each
> such person by the county, and shall in no
> one year exceed the sum of One Hundred and
> Eighty Dollars ($180) for any such person."

We believe that providing funds by the county for such Retirement Disability and Death Compensation Fund is a county purpose within the meaning of Article VIII, Section 9, supra. The Supreme Court in the case of Bexar County v. Mann, 157 S. W. (2d) 134, in deter- mining whether the Commissioners' Court was authorized to purchase voting machines and pay for same out of the General Fund of the county, had this to say:

> ". . . The statute does not in express
> words provide that the bonds issued there-
> under shall be a charge against the gener-
> al fund; but, in our opinion, it does so
> provide by necessary implication. This
> must be true because the Legislature by
> enacting the statute here involved has pro-
> vided for the expenditure of county funds
> for a county purpose. Such expenditure
> does not come or fall under any purpose
> for which a special fund has been provid-
> ed. All county expenditures lawfully

authorized to be made by a county must
be paid out of the county's general fund
unless there is some law which makes them
a charge against a special fund. . . "

We believe that the same rule of law invoked
in the above case is applicable to the question present-
ed here. Therefore, you are respectfully advised that
it is our opinion the five per cent to be paid by the
County under the provisions of Subsection (b), Section
62 of Article XVI of the State Constitution, to match
the deduction made from county employees' salaries,
must be paid out of the General Fund of the County.

### SUMMARY

The five per cent to be paid by the
county under the provision of Subsection
(b), Section 62 of Article XVI of the
State Constitution, to match the deduc-
tion made from county employees' salaries,
must be paid out of the General Fund of
the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _____
Bruce Allen
Assistant

BA:mw

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL